IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| DESIGN GAPS, INC., and<br>DAVID GLOVER, Individually and Owner<br>of Design Gaps, Inc. | ) | Civil Action No. 3:25-cv-604 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| DAVIDE OLIVIERI, Individually and Agent<br>of DD Luxe Design, LLC,<br>DORIANA OLIVIERI, Individually and Agent<br>of DD Luxe Design, LLC,<br>DD LUXE DESIGN, LLC,<br>ANTHONY J. DE PIANTE,<br>LESLY K. DE PIANTE,<br>ANDREW LINEBERGER BUILDERS,<br>ANDREW LINEBERGER, Individually and<br>Owner of Andrew Lineburger Builders,<br>HARDWOOD CREATIONS, INC., and<br>DAVID ANTHES, Individually and President<br>of Hardwood Creations, Inc. | ) | |
| | ) | |
| Defendants | ) | JURY TRIAL DEMANDED |
| | ) | |

Plaintiff Design Gaps, Inc. and David Glover (individually referred to herein as "Design Gaps" and "Plaintiff Glover," respectively, and collectively referred to herein as "Plaintiffs") and seek damages, profits, treble damages, attorneys' fees, costs, and a permanent injunction against Defendants Davide Olivieri and Doriana Olivieri (individually referred to herein as "Defendant David Olivieri" and "Defendant Doriana Olivieri," respectively, and collectively referred to herein as the "Olivieri Defendants"), Defendant DD Luxe Design, LLC ("DD Luxe Design"), Defendants Anthony J. De Piante and Lesly K. De Piante (individually referred to herein as "Defendant Anthony De Piante" and "Defendant Lesly De Piante," respectively, and collectively referred to

herein as the "De Piante Defendants"), Defendant Andrew Lineberger Builders ("Andrew Lineberger Builders"), Defendant Andrew Lineberger ("Defendant Lineberger"), Defendant Hardwood Creations, Inc. ("Hardwood Creations), and Defendant David Anthes ("Defendant Anthes") (wherein all Defendants are collectively referred to herein as "Defendants") in association with infringement under the Copyright Act, breach of contract, and unfair enrichment rising out of Defendants use of architectural designs and drawings created by Plaintiff Glover and assigned to Plaintiff Design Gaps.

## THE PARTIES

1. Plaintiff Design Gaps, Inc. is a North Carolina corporation registered as a foreign corporation in South Carolina with a principal place of business located at 1804 Crowne Commons Way, Suite D-1, Johns Island, South Carolina 29455.

2. Plaintiff David Glover in his capacity as an individual and an Officer of Design Gaps, Inc. has a place of business located at 1804 Crowne Commons Way, Suite D-1, Johns Island, South Carolina 29455.

3. Defendant Davide Olivieri, upon information and belief acting as an agent for DD Luxe Design, is a North Carolina resident registered as a real estate agent in the State of North Carolina having a location address listed as Ivester Jackson Charlotte LLC, 1515 Mockingbird Ln., Ste 900, Charlotte, North Carolina 28209.

4. Defendant Doriana Olivieri, upon information and belief acting as an agent for DD Luxe Design, upon information and belief, is a North Carolina resident.

5. Defendant DD Luxe Design, LLC is an interior design company doing business under that name of DD Luxe Design in the Charlotte, North Carolina area. The company is registered with the Secretary of State of South Carolina as a limited liability company with Doriana

2

Durazzo, upon information and belief, having a married name of Doriana Olivieri, named as the registered agent having an address of 7023 Highland Street, Fort Mill, South Carolina 29707. Davide Olivieri and Doriana Olivieri have exchanged email communications using the email addresses of davide@ddluxedesign.com and doriana@ddluxedesign.com, respectively.

6. Defendant Anthony J. De Piante is listed as the owner of the residence having property address 124 Woodrow Avenue, Belmont, North Carolina 28012 ("Residence") whereby the accused copyrighted works are being used. Upon information and belief, Defendant Anthony De Piante has a current residential address of 627 Southway Street, Belmont, North Carolina 28012.

7. Defendant Lesly K. De Piante is also listed as an owner of the Residence. Upon information and belief, Defendant Lesly De Piante has a current residential address of 627 Southway Street, Belmont, North Carolina 28012.

8. Defendant Andrew Lineberger Builders has a website that lists the address of the business as 101 Center Street, Cramerton, North Carolina 28032. Andrew Lineberger Builders was registered as a limited liability company with the North Carolina Secretary of State, but the company was subject to administrative dissolution on July 25, 2025.

9. Defendant Andrew Lineberger, upon information and belief, is the owner and/or general manager of Andrew Lineberger Builders having an address of 101 Center Street, Cramerton, North Carolina 28032.

10. Defendant Hardwood Creations, Inc. is a registered business corporation with the North Carolina Secretary of States having David Anthes listed as the registered agent having a street address of 315 Woodys Lane, Stanley, North Carolina 29184-6773.

11. Defendant David Anthes is the registered agent and President of Hardwood

3

Creations, Inc. having a mailing address of 315 Woodys Lane, Stanley, North Carolina 28164.

## NATURE OF ACTION

12.     This action arises under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 2201 and certain common law of the State of North Carolina including breach of contract and unjust enrichment.

## JURISDICTION AND VENUE

13.     The Court has jurisdiction over this action pursuant to 17 U.S.C. § 101 *et seq.*, the copyright laws of the United States, in particular, 17 U.S.C. § 106 with respect to exclusive rights subject to copyright protection and 17 U.S.C. § 102(a)(8) with respect to the protection of architectural works and 28 U.S.C. § 1331, federal question.

14.     Supplemental jurisdiction of this Court is invoked over the claims that arise under the statutory and common law of the State of North Carolina pursuant to 28 U.S.C. § 1367(a) since such claims are closely related to the federal claims and form a part of the same case or controversy.

15.     Defendants conduct and transact business in North Carolina, advertise their goods and services in North Carolina, and sell and distribute their goods and services through in person contacts in North Carolina, online websites and other agents with the reasonable expectation that such goods and services are to be used or consumed in North Carolina and such goods and services are used or consumed in North Carolina. For at least these reasons, the Court has personal jurisdiction over the Defendants.

16.     Venue is proper in this District for at least the reasons that Defendants, either individually and/or cooperatively, conduct business in this District, and Defendants purposefully avail themselves to this District through the sale of and services offered to residents of or other businesses in this District. Hence, such sales of and services in North Carolina subject Defendants to personal jurisdiction in this District.

4

## FACTUAL BACKGROUND

### A. Plaintiff Glover's Development of Designs and Drawings for the Residence

17. Defendant Davide Olivieri, upon information and belief, on behalf of the Olivieri Defendants and DD Luxe Design reached out to Plaintiff Glover via email on May 31, 2023, indicating they had received the updated house plans from their client that they wanted to share with Plaintiff Glover. Defendant Davide Olivieri further confirmed a meeting scheduled with Plaintiff Glover on Tuesday, June 6, 2023. Defendant Davide Olivieri also attached to this email site plans and mock-up elevation views for certain rooms in the Residence that are included as **Exhibit A**. In an email on June 7, 2023, Defendant David Olivieri attached a two-dimensional floor plan with dimensions entitled Dipiante [*sic*] Residence for the Residence that are included as **Exhibit B**.

18. Subsequent to the initial meetings between Plaintiff Glover and the Olivieri Defendants, Plaintiff Glover sent the Olivieri Defendants and DD Luxe Design via email on June 15, 2025, two sets of design retainer agreements for separate projects at the Residence with varying prices depending on the choice of supplier for the materials indicating Design Gaps' agreement to develop a concept plan for cabinet layouts, one set in the amounts of $27,712.57 or $31,708.92 for the kitchen, server, scullery, and mudroom layout and the other set in the amounts of $12,077.36 or $14,590.39 for the great room, study, master bath, laundry, recreation room, powder bath, guest room bath, pool bath, and the remaining bathrooms in the Residence. These design retainer agreements and associated drawing have been included as **Exhibit C**.

19. On June 27, 2023, Defendant Davide Olivieri on behalf of the Olivieri Defendants and DD Luxe Design sent to Plaintiff Glover an email with requests for certain design revisions to the plans that Plaintiff Glover had developed, request for PDF of the drawings produced by

5

Plaintiff Glover, and a request for a key view/elevation for the purpose of helping to "sell the project."

20.     On June 29, 2023, Plaintiff Glover sent the Olivieri Defendants what were described as preliminary renderings for the design plans and indicated that any changes and revisions could be incorporated after the retained is executed. These preliminary renderings are included as **Exhibit D**. In response to this email, on July 1, 2025, Defendant Davide Olivieri asked that Plaintiff Glover provide the drawings for the entire scullery and mudroom alleging he needed these drawings to help with "selling the project."

21.     Pursuant to Defendant Olivieri's request, on September 19, 2023, Plaintiff Glover provided revised quotations for the Artigiano materials fabricated in all wood construction excluding the melamine particle board cabinets. These revised design retainer agreements are included as **Exhibit E**.

22.     On November 2, 2023, in response to a request for status email sent by Plaintiff Glover, Defendant Davide Olivieri indicated that the "client is still searching around and we are on hold" with respect to the project. Plaintiff Glover responded with an email indicating that Plaintiff Glover's designs and drawing cannot be retransmitted. Following this email, Plaintiff Glover did not receive any further communications from the Olivieri Defendants and DD Luxe Design.

**B.  Plaintiffs' Architectural Designs and Drawings**

23.     Plaintiff Glover has authored architectural designs and drawings known as the "De Piante Plans" included as **Exhibit F** with the respective title of the Exhibits being "Dipiante Residence." Plaintiff Glover has assigned all rights, title and interests in said architectural designs

6

and drawings to Plaintiff Design Gaps, Inc.

24.     When Plaintiff Glover developed the De Piante Plans, he was neither an employee acting within the scope of employment nor an independent contractor commissioned to create a "work for hire."

25.     The De Piante Plans (referred to herein as "Plaintiffs' Architectural Designs") are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States, which, indeed, have been registered with the United States Copyright Office. The De Piante Plans have a date of publication of June 10, 2023, and have the registration number: VA 2-437-524 ("Copyright") with the Certificate of Registration included as **Exhibit G**.

26.     Plaintiff Glover is the author of Plaintiffs' Architectural Designs who has assigned Design Gaps all rights, title and interest in the works. Design Gaps is the current claimant in the copyrights of the De Piante Plans. Pursuant to 17 U.S.C. § 106, as owner of the Copyright, Design Gaps possesses the exclusive right to reproduce the copyrighted works, prepare derivative works based upon the copyrighted works, distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending.

27.     Commencing on the date of first publication, and consistently thereafter, Plaintiff Glover has consistently made Defendant Davide Olivieri aware of Design Gaps' continued ownership in Plaintiffs' Architectural Designs.

28.     The remaining Defendants have not reached out to Plaintiffs to inquire into a license to use or the purchase Plaintiffs' Architectural Design. Indeed, through counsel, each of the Defendants have denied any infringing use of Plaintiffs' Architectural Designs.

**C.  Defendants' Unauthorized Use of Plaintiffs' Architectural Designs and Drawings**

29.     The Olivieri Defendants and DD Luxe Design have caused and, upon information

7

and belief, continues to cause Plaintiffs' Architectural Designs to be copied at least in the home design of Residence ("Defendants' Infringing Designs") that Olivieri Defendants and DD Luxe Design. Furthermore, upon information and belief, the Olivieri Defendants and DD Luxe Design used Plaintiffs' Architectural Designs and provided them to the other Defendants for their use without reimbursing Plaintiffs for these designs.

30. In 2023, Plaintiff Glover developed multiple in-home designs with plan options for use, in part, by the Olivieri Defendants and DD Luxe Design at the Residence. Based upon a verbal agreement, Plaintiffs were to be reimbursed for each use of Plaintiffs' Architectural Designs by the Olivieri Defendants and DD Luxe Design at the Residence. The Olivieri Defendants and DD Luxe Design never reimbursed Plaintiffs for the Olivieri Defendants' and DD Luxe Design's use of Plaintiffs' Architectural Designs. Upon information and belief, without Plaintiffs' prior knowledge or permission, the Olivieri Defendants and DDD Luxe Design eventually will continue to use Plaintiffs' Architectural Designs, but without making payments to Plaintiffs for the continued use of Plaintiffs' Architectural Designs.

31. The De Piante Defendants have caused and, upon information and belief, continue to cause Plaintiffs' Architectural Designs to be used in the home design and construction of the Residence.

32. Upon information and belief, sometime following the Olivieri Defendants and DD Luxe Designs acquisition of copies of Plaintiffs' Architectural Designs, without Plaintiffs prior knowledge or permission, the Olivieri Defendants and DD Luxe Designs allowed copies of Plaintiffs' Architectural Designs to be transmitted to Defendant Lineberger and Andrew Lineberger Builders who used at least some of Plaintiffs' Architectural Designs without obtaining authorization for their use from Plaintiffs or making any payments to Plaintiffs for use of such

8

designs by the Defendants at the Residence.

33. Upon information and belief, sometime following the Olivieri Defendants and DD Luxe Designs acquisition of copies of Plaintiffs' Architectural Designs, without Plaintiffs' prior knowledge or permission, the Olivieri Defendants and DD Luxe Designs allowed copies of Plaintiffs' Architectural Designs to be transmitted to Defendant Anthes and Hardwood Creations, Inc. who used at least some of Plaintiffs' Architectural Designs without obtaining authorization for their use from Plaintiffs or making any payments to Plaintiffs for use of such designs by the Defendants at the Residence.

34. Upon information and belief, Defendants have continued to use Plaintiffs' Architectural Designs and otherwise induced, caused or directed the wrongfully copied Plaintiffs' Architectural Designs to be used for other in-home designs.

35. Upon information and belief, Defendants' copyright infringements were knowing, willful and intentional.

36. In certain instances, Defendants have directly copied Plaintiffs' Architectural Designs.

37. In other instances, particularly with respect to the derivative works of Plaintiffs' Architectural Designs, Defendants' Infringing Designs bare substantial similarity to Plaintiffs' Architectural Designs because the infringing designs are extrinsically similar since they bare substantially similar ideas that are subject to copyright protection, and the infringing designs are intrinsically similar since they express those ideas in a substantially similar manner.

**D. Defendants' False Advertising of Plaintiffs' Architectural Designs and the True Origin and Source of Plaintiffs' Architectural and Design Services**

38. As provided above, Plaintiffs' Architectural Designs, which have been assigned to Design Gaps, have been and are used in the construction of homes by the Defendants.

9

39. At least the Olivieri Defendants and DD Luxe Designs have repeatedly and willfully misrepresented and continue to misrepresent the true origin and source of architectural plans created and revised by Plaintiff Glover, and falsely claiming to be the designer of these associated designs that were, in fact, designed by Plaintiff Glover.

40. Because an architecture's success in winning clients, depends on what they can show has been accomplished, Plaintiffs have a strong interest in defending its reputation for creativity and preventing a false claim by any of the Defendants that they have done the work that Plaintiffs, in fact, have done.

41. In connection with the goods that Plaintiff Glover has developed, and the services Plaintiff Glover has provided, Defendants have used in commerce words, terms, names, and designs, individually and in combination, that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff Glover's architectural and design services.

42. Defendants have used in commerce the necessary words, terms, names, and designs, individually and in combination, to deceive the public with respect to the origin, sponsorship, or approval of the goods, services, or commercial activities developed by Plaintiff Glover.

43. These misrepresentations by Defendants surrounding not only Plaintiffs' Architectural Designs but other revision and design services to conform the plan, either through derivative changes of the protected elements or selection of the non-protected elements to function with the protected elements, to meet the needs of a specific client, and other architectural activities that Plaintiff Glover routinely provides cannot be provided to the segment of the public that Defendants have deceived.

10

44.     Defendants have sought to benefit themselves and their home design and/or building businesses to capitalize on the goodwill associated with Plaintiffs, to mislead current and potential customers with respect to the origin of such designs, and to divert current and potential customers from doing business with Plaintiffs in favor of doing business with Defendants. Defendants conduct is a violation of the laws of the United States and of the State of North Carolina.

FIRST CAUSE OF ACTION
(Copyright Infringement under the 17 U.S.C. § 101 *et seq.* against the Defendants)

45.     Plaintiffs incorporate and reallege each of the paragraphs contained above as if fully set forth herein.

46.     Plaintiffs' Architectural Designs are original works of authorship and constitute copyrightable subject matter under the copyright laws of the United States.[1] Plaintiff Glover is the author of Plaintiffs' Architectural Designs, and Design Gaps is the current claimant in Defendants' infringement of Plaintiffs' Architectural Designs. Design Gaps through the assignment of rights by Plaintiff Glover possesses the exclusive rights granted by the copyright laws of the United States.[2]

47.     Plaintiffs have complied in all respects with the copyright laws of the United States and has secured the exclusive rights and privileges in and to Plaintiffs' Architectural Designs.

48.     Plaintiffs have published Plaintiffs' Architectural Designs through distribution of copies of the works by offer for sale, actual sale, or other means of transfer.[3] Commencing on the date of first publication, and consistently thereafter, Plaintiffs' Architectural Designs have been published by Plaintiffs in conformity with the copyright laws of the United States.

---

[1] 17 U.S.C. § 101 *et seq.*
[2] *See* 17 U.S.C. § 106.
[3] *See* 17 U.S.C. § 101.

11

49.     Without Plaintiffs' prior knowledge or permission, Defendants prepared or induced, caused, or materially contributed to the preparation of certain architectural drawings by copying Plaintiffs' Architectural Designs. Defendants then used Plaintiffs' Architectural Designs or derivative works based upon Plaintiffs' Architectural Designs to use such works through their normal channels for in-home design and construction.

50.     In certain instances, Defendants have directly copied Plaintiffs' Architectural Designs. In other instances, Defendants' Infringing Designs bare substantial similarity to Plaintiffs' Architectural Designs.

51.     Defendants' actions violate Plaintiffs' exclusive rights in Plaintiffs' Architectural Designs and constitute an infringement of those copyrights under the copyright laws of the United States.

52.     Upon information and belief, at least the Olivieri Defendants' and DD Luxe Design's copyright infringements were knowing, willful and intentional.

53.     Defendants' actions have caused, and will cause, irreparable damage to Plaintiffs for which there exist no adequate remedy at law.

54.     During the pendency of this action and permanently thereafter, Defendants should be enjoined and restrained from directly or indirectly infringing upon Plaintiffs' copyrights by using, copying, reproducing, displaying, distributing, marketing, offering for sale, advertising, preparing derivative works thereof, or otherwise infringing upon, directly or indirectly, Plaintiffs' Architectural Designs and other copyright materials of Plaintiffs.

55.     Plaintiffs are entitled to recover all damages suffered as a result of Defendants' wrongful acts, including, but not limited to, profits obtained by Defendants as a result of their wrongful acts and the loss of profits sustained by Plaintiffs. In the alternative, Plaintiffs are entitled

to recover statutory damages in an amount to be determined by the Court. Plaintiffs are also entitled to recover all reasonable attorney's fees, court costs and interest on said damages from the date of Defendants' infringements.

<u>SECOND CAUSE OF ACTION</u>
(Contributory Copyright Infringement under the 17 U.S.C. § 101 *et seq.* against the Olivieri Defendants, DD Luxe Design and the De Piante Defendants)

56. Plaintiffs incorporate and reallege each of the paragraphs contained above as if fully set forth herein.

57. Plaintiffs' Architectural Designs subject to copyright protection were directly infringed when the De Piante Defendants, Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes used those designs at least at the Residence. By providing the technical drawings having Plaintiffs' Designs to the De Piante Defendants, Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes, the Olivieri Defendants and DD Luxe Design materially contributed to the unauthorized and infringing use of Plaintiffs' Architectural Designs by the De Piante Defendants, Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes.

58. In approving of and allowing such actions to be taken by the De Piante Defendants, Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes, the Olivieri Defendants and DD Luxe Design materially contribute and have materially contributed to the unauthorized and infringing use of Plaintiffs' Architectural Designs by De Piante Defendants, Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes.

13

59. Upon information and belief, in their capacity as owners of the Residence, the De Piante Defendants' authorization to send the technical drawings having Plaintiffs' Architectural Designs to Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes, materially contributed to the unauthorized and infringing use of Plaintiffs' Architectural Designs by Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes.

60. The Olivieri Defendants' and DD Luxe Design's acts leading to the unauthorized and infringing use of Plaintiffs' Architectural Designs by the Di Piante Defendants, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes, on the other hand, have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' rights.

61. In their capacity as owners of the Residence, the De Piante Defendants' acts leading to the unauthorized and infringing use of Plaintiffs' Architectural Designs by Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' rights.

62. As a direct and proximate result of the Olivieri Defendants' and DD Luxe Design's acts leading to the unauthorized and infringing use of Plaintiffs' copyright by the De Piante Defendants, Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes and the violation of Plaintiffs' exclusive rights under copyright, Plaintiffs are entitled to damages and the Olivieri Defendants' and DD Luxe Design's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

63. As a direct and proximate result of the De Piante Defendants' acts in there capacity owners of the Residence leading to the unauthorized and infringing use of Plaintiffs' copyright by Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant

14

Anthes, and the violation of Plaintiffs' exclusive rights under copyright, Plaintiffs are entitled to damages and the De Piante Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.

64. Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

65. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

66. The Olivieri Defendants', DD Luxe Design's and the De Piante Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to injunctive relief prohibiting further contributory infringements of Plaintiffs' copyright.

THIRD CAUSE OF ACTION
(Vicarious Copyright Infringement under the 17 U.S.C. § 101 *et seq.* against the Olivieri Defendants, DD Luxe Design and the De Piante Defendants)

67. Plaintiffs incorporate and reallege each of the paragraphs contained above as if fully set forth herein.

68. The Olivieri Defendants and DD Luxe Design had, and continues to have, the right and ability to control the distribution of technical drawings bearing designs subject to copyright protection by, without limitation, sending the technical drawings to others who can directly engage in an infringing activity through the use of such technical drawings.

69. The Olivieri Defendants and DD Luxe Design have failed to exercise such supervision and/or control over technical drawings having copyright protection. As a direct and

15

proximate result of such failures, the Olivieri Defendants and DD Luxe Design have repeatedly allowed others to directly infringe and will continue to repeatedly infringe Plaintiffs' Architectural Designs having Copyright protection.

70. The Olivieri Defendants and DD Luxe Design derived (and continues to derive) substantial and direct financial benefit from its customers by providing to others technical drawings subject to copyright protection to allow them to perform work for their customers.

71. The Olivieri Defendants and DD Luxe Design have not acted reasonably or in good faith notwithstanding having knowledge of who developed such technical drawings and notice of the developer's copyright protections in these designs.

72. The Olivieri Defendants' and DD Luxe Design's acts leading to the unauthorized and infringing use of Plaintiffs' Architectural Designs by the De Piante Defendants, Andrew Lineberger Builders, Defendant Andrew Lineberger, Hardwood Creations, and Defendant Anthes have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' rights.

73. As a direct and proximate result of the Olivieri Defendants' and DD Luxe Design's vicarious infringements of Plaintiffs' copyright and exclusive rights under copyright, Plaintiffs are entitled to damages and the Olivieri Defendants' and DD Luxe Design's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

74. Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

75. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

76. The Olivieri Defendants' and DD Luxe Design's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to injunctive relief prohibiting further contributory infringements of Plaintiffs' Copyrighted Designs.

<u>FOURTH CAUSE OF ACTION</u>
(Breach of Implied Contract against the Olivieri Defendants and DD Luxe Design)

77. Plaintiffs incorporate and reallege each of the paragraphs contained above as if fully set forth herein.

78. Plaintiffs entrusted copies of design retainer agreements detailing the extent of design and construction work Plaintiffs would be performing on the Residence to the Olivieri Defendants and DD Luxe Design for their review and comment.

79. The design retainer agreements clearly specify, among other things, that "ALL DESIGNS CREATED REMAIN THE SOLE PROPERTY OF DESIGN GAPS, INC. AND MAY NOT BE REPRODUCED IN WHOLE OR IN PART WITHOUT THE WRITTEN CONSTENT OF DESIGN GAPS, INC." identified in capital letters on the first page of the agreements. Furthermore, paragraph 16 of the agreements state "[a]ny promotional use by Buyers or others depicting the cabinetry and design will reference Design Gaps, Inc. as the supplier and designer for the said area."

80. When Plaintiffs provided these design retainer agreements to the Olivieri Defendants and DD Luxe Design identifying Plaintiffs' proposed architectural designs for the Residence, they entered into implied contracts with the Olivieri Defendants and DD Luxe Design pursuant to which the Olivieri Defendants and DD Luxe Design would honor the ownership provisions of the designs as well as all other terms of the agreements.

17

81. The Olivieri Defendants and DD Luxe Design reviewed the design retainer agreements and plans provided by Plaintiffs seeking certain modifications and revisions in which Plaintiffs willfully provided. Plaintiffs fully performed their obligations under the agreements with respect to the proposed designs including design drawings as needed and materials specification to support the same.

82. Plaintiffs would not have entered and performed under these transactions with the Olivieri Defendants and DD Luxe Design if Plaintiffs had known the Olivieri Defendants and DD Luxe Design would not protect their designs and materials specification.

83. Plaintiffs would not have provided and entrusted their designs and materials specification to the Olivieri Defendants and DD Luxe Design in the absence of the implied contract between them for the Olivieri Defendants and DD Luxe Design to keep the information secure.

84. The Olivieri Defendants and DD Luxe Design breached its implied contracts with Plaintiffs by failing to safeguard and protect and not transmit Plaintiffs' designs and material specifications to others, in particular, upon information and belief, the other Defendants.

85. As a direct and proximate result of the Olivieri Defendants' and DD Luxe Design's breaches of its implied contracts, Plaintiffs sustained actual losses and damages as described herein.

86. As a direct and proximate result of the Olivieri Defendants' and DD Luxe Design's breach of contract, Plaintiffs are at increased risk for others becoming aware of their designs and other protected information.

87. As a direct and proximate result of the Olivieri Defendant's and DD Luxe Design's breach of contract, Plaintiffs are entitled to and demand actual, consequential, nominal damages, punitive damages and injunctive relief, to be determined at trial.

<u>FIFTH CAUSE OF ACTION</u>
(Unjust Enrichment against Defendants)

88.    Plaintiffs incorporate and reallege each of the paragraphs contained above as if fully set forth herein.

89.    Plaintiffs bring this Cause of Action either in addition to or as an alternative to the Fourth Cause of Action alleged against the Olivieri Defendants and DD Luxe Design.

90.    Defendants benefit from receiving Plaintiffs' designs and material specifications by their ability to retain and use that information for their own benefit. Defendants understood this benefit.

91.    Defendants also understood and appreciated that information provided by the Plaintiffs was private and confidential, and its value depended upon Defendants maintaining the privacy and confidentiality of that information.

92.    Plaintiffs conferred a monetary benefit upon the Defendants in the form of providing designs and specifying materials required by the Defendants and insight into construction concerning the same. Such information was only provided by the Plaintiffs to the Defendants with the understanding that Defendants would pay the costs associated with providing that information.

93.    Defendants knew that Plaintiffs conferred a benefit and were in the business of conferring such benefits which Defendants accepted. Defendants profited from these transactions and used the Plaintiffs' information for business and personal purposes.

94.    Under the principles of equity and good conscience, Defendants should not be permitted to retain monetary benefits belonging to Plaintiffs, because Defendants failed to reach out to and seek Plaintiffs terms and conditions for the use of its designs and materials specifications.

19

95. Defendants wrongfully accepted and retained these benefits to the detriment of Plaintiffs.

96. Defendants' enrichment at the expense of Plaintiffs is and was unjust.

97. As a result of Defendants' wrongful conduct, as alleged above, Plaintiffs are entitled to restitution and disgorgement of all profits, benefits, and other compensation obtained by Defendants, plus attorneys' fees, costs, and interest thereon.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enters judgment in their favor on each and every claim for relief set forth herein and award Plaintiffs' relief for the following:

a) Defendants pay to Plaintiffs all damages Plaintiffs have suffered by reason of Defendants' acts complained of herein;

b) In the alternative, Defendants pay to Plaintiffs statutory damages for copyright infringement in the amount of $150,000 according to 17 U.S. Code § 504 base upon the Olivieri Defendants' and DD Luxe Design's willful infringement as well as the infringement of Plaintiffs' copyright by the other Defendants of Plaintiffs' Copyrighted Designs;

c) Defendants pay to Plaintiffs exemplary and treble damages as allowed by the statutes and laws referenced herein;

d) Defendants pay to Plaintiffs profits obtained by Defendants associated with Defendants' acts described herein;

e) Defendants pay to Plaintiffs any statutory damages based upon Defendants' copyright infringement

f) Defendants pay to Plaintiffs pre-judgment interest on any damages awarded to Plaintiffs;

20

g)     Defendants be ordered and required to pay punitive damages for its acts described herein;

h)     Defendants be ordered and required to pay all costs associated with this action including the attorney's fees and expenses incurred by Plaintiffs;

i)     An Order that prevents any Defendants' architectural designs that have directly been copied from and/or are substantially similar to Plaintiffs' Architectural Designs from being copied;

j)     Defendants be permanently enjoined from advertising, marketing, offering for sale or selling any homes that use Plaintiffs' Architectural Designs, any other design substantially similar to Plaintiffs' Architectural Designs and any architectural plans and designs provided by Plaintiff Glover;

k)     Defendants be permanently enjoined from further marketing and selling homes that encompass Plaintiffs' Architectural Designs or designs that are substantially similar to Plaintiffs' Architectural Designs;

l)     The Defendants be permanently enjoined from using Plaintiffs' Architectural Designs and any design substantially similar to Plaintiffs' Architectural Designs; and

m)     Plaintiffs be awarded such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable in this lawsuit.

This 11th day of August, 2025,

21

Respectfully Submitted,

Design Gaps, Inc. and David Glover
By counsel


By: _s/Todd M. Hess_____
    Todd M. Hess (Federal ID No. 12925)
    Hess Law, PLLC
    308 Givens Street
    Waxhaw, NC 28173
    Telephone: (980) 213-6929
    Fax: (980) 300-0089
    toddhess@biziplaw.com
    *Attorney for Plaintiffs*

22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2025, the foregoing COMPLAINT was electronically

served upon the following attorney that indicated he was representing each of the Defendants:

Skufca Law
Ronald A. Skufca
1512-A Southwood Ave.
Charlotte, NC 28203
ron@skufcalaw.com

By: s/Todd M. Hess
Todd M. Hess (Federal ID No. 12925)
Hess Law, PLLC
308 Givens Street
Waxhaw, NC 28173
Telephone: (980) 213-6929
Fax: (980) 300-0089
toddhess@biziplaw.com
*Attorney for Plaintiffs*