**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

DESIGN GAPS, INC., and
DAVID GLOVER, Individually and Owner of Design Gaps, Inc.,

Plaintiffs,

v.

DAVIDE OLIVIERI, Individually and Agent of DD Luxe Design, LLC,
DORIANA OLIVIERI, Individually and Agent of DD Luxe Design, LLC,
DD LUXE DESIGN, LLC,
ANTHONY J. DE PIANTE,
LESLY K. DE PIANTE,
ANDREW LINEBERGER BUILDERS,
ANDREW LINEBERGER, Individually and Owner of Andrew Lineberger Builders,
HARDWOOD CREATIONS, INC., and
DAVID ANTHES, Individually and President of Hardwood Creations, Inc.,

Defendants.

**Civil Action No. 3:25-cv-604**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS**

**COME NOW** the Defendants, collectively, by and through their respective legal counsel, STOBBS and Womble Bond Dickinson, under Rule 12 of the Federal Rules of Civil Procedure, and in support of Defendants' Joint Motion to Dismiss submitted contemporaneously herewith, present the following:

## NATURE OF THE CASE

This case purports to be a copyright infringement brought pursuant to the provisions of the Architectural Works Copyright Protection Act (AWCPA). Plaintiffs David Glover and Design Gaps Inc. allege that Defendants' participation in the construction of a private home known as the DiPiante Residence infringes "their" copyright in the Architectural Work for the home. However, neither putative plaintiff has standing to assert such a claim.

Plaintiffs David Glover and Design Gaps, Inc. are in the business of interior space planning and design. Specifically, Plaintiffs are in the business of creating custom cabinetry designs. Plaintiffs are not in the business of creating Architectural Works and never created any such work in connection with the DiPiante Residence.

Plaintiff David Glover is not the owner of any copyright registration at issue in this litigation. Accordingly, he cannot maintain a claim for copyright infringement.

Plaintiff Design Gaps, Inc. claims to be the owner of a United States Copyright Registration for an Architectural Work. The work, however, created by Plaintiff Design Gaps, Inc. is not "the design of a building" and therefore cannot be registered as an Architectural Work. Rather, the work created by Plaintiff Design Gaps, Inc. is a rendering for cabinetry configuration. A rendering for cabinetry configuration does not constitute "a humanly habitable structure… such as a house or office building." 37 C.F.R. § 202.11. Accordingly, Plaintiff Design Gaps Inc. does not have a valid United States Copyright Registration for an Architectural Work and it cannot maintain a claim of infringement under the AWCPA.

## STANDARD OF REVIEW

Plaintiff is no stranger to the Standard of Review this Court applies to a Motion to Dismiss. This Court has previously dismissed unsupported intellectual property claims advanced by Design Gaps, Inc. under Rule 12(b)(6). Design Gaps, Inc. v. Hall, 2023 WL 8103156, at *3 (W.D.N.C. Nov. 21, 2023). When a complaint fails to state a claim upon which relief may be granted, it may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. Id. (*citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). That said, '[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' are insufficient". Id (*quoting* Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*citing* Twombly, 550 U.S. at 555, 127 S.Ct. 1955).

This Court has noted: "A motion to dismiss for lack of subject matter jurisdiction may be presented in two ways: (1) "the defendant may contend that the 'complaint simply fails to allege facts upon which subject matter jurisdiction can be based' " or (2) "the defendant may assert that the jurisdictional allegations in the complaint are not true." McFee v. Carolina Pad, LLC, No. 3:21CV633-GCM, 2022 WL 2182171, at *3 (W.D.N.C. June 16, 2022) (*citing* Tingley v. Beazer Homes Corp., 3:07-cv-176, 2008 WL 1902108, *2 (W.D.N.C. April 25, 2008); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

Registration of a claim of copyright is a prerequisite to instituting a copyright infringement action in Federal District Court. Bolier & Co., LLC v. Decca Furniture (USA), Inc., 58 F. Supp.

3d 491, 497 (W.D.N.C. 2014) (*citing* 17 U.S.C. § 411(a); Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010) ("Section 411(a) imposes a precondition to filing a claim."). Moreover, "[a] plaintiff must have actual copyright registrations before filing a claim, not merely copyright applications." Id. (*citing* Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 886 (2019)). Finally, A plaintiff who is not the owner of a copyright does not have standing to bring an infringement claim. McFee, 2022 WL 2182171, at *3 (*citing* 17 U.S.C. § 501(b); Kevin Chelko Photography, Inc. v. JF Restaurants, LLC, 3:13-cv-00060-GCM, 2017 WL 240087, *1 (W.D.N.C. Jan. 19, 2017) (Mullen, J.) (dismissing a copyright infringement claim where the plaintiff did not own the copyrights at issue and lacked standing to sue).

## FACTUAL BACKGROUND

Neither putative Plaintiff created the Architectural Work embodied in the DiPiante Residence. This indisputable fact is confirmed by the first substantive allegations that Plaintiffs advance in the Amended Complaint. Plaintiffs readily admit, in Paragraph 17 of the Amended Complaint, that the house plans for the DiPiante Residence were created by another entity **prior** to their involvement in the project. [ECF Dkt. 14, ¶17]. Specifically, Plaintiffs admit Defendant Olivieri provided them with a copy of the house plans for the DiPiante Residence on May 31,2023 and with a copy of dimensional renderings for the DiPiante Residence on June 7, 2023. [ECF Dkt. 14]. Indeed, Plaintiffs went so far as to attach copies of the house plans for the DiPiante Residence and the dimensional renderings as Exhibits A and B. [ECF Dkt. 14-1, 14-2]. These documents unequivocally demonstrate that the Architectural Work embodied in the DiPiante Residence was created by the architectural firm of Smith & Slovik **not** by either of Plaintiffs. Not only does

Paragraph 17 of the Amended Complaint concede that Plaintiffs were provided with the house plans, but the plans themselves carry the signature block of the architectural firm that created them:




[ECF Dkt. 14-1].

In response to receiving the house plans prepared by Smith & Slovik, Plaintiffs sent Defendant Olivieri proposed "design retainer agreements for separate projects at the Residence." [ECF Dkt. 14, ¶18]. Plaintiffs attached copies of those proposed design agreements as Exhibit C.

[ECF Dkt. 14-3]. Each of the proposed design retainer agreements offered by Plaintiffs specifically identified the scope of work as: "to develop concept plan for a cabinet layout for the jobsite indicated above." [ECF Dkt. 14-3]. Plaintiffs' own documents confirm that they were provided with copies of the house plans for the DiPiante Residence and that they offered to develop "a concept plan for a cabinet layout." Nothing in the Amended Complaint or the documentation submitted in support thereof even remotely suggests that either Plaintiff created "the design of a building" or "a humanly habitable structure" on behalf of the DiPiante family. Quite the contrary. The plain wording of the Amended Complaint and the documents submitted in support clearly demonstrate that the plans for the DiPiante Residence were created by the Architectural firm Smith & Slovik and that Plaintiffs were provided with a copy of those plans for the purpose of proposing a concept for a cabinet layout.

On March 13, 2025, Plaintiff Design Gaps, Inc. filed a claim of copyright for the "architectural work" embodied in the Asserted Work. [ECF Dkt. 14-7]. Absent from Design Gaps, Inc.'s claim of copyright was **any** mention of the fact that it had been provided with copies of the house plans and dimensional renderings created by Smith & Slovik.

**ARGUMENT**

1. David Glover Lacks Standing to Assert an Architectural Works Infringement Claim

There is no set of circumstances under which David Glover can maintain a copyright infringement claim against any of the Named Defendants in this action. While Plaintiff Glover claims to be the author of the technical drawings for the cabinetry configurations embodied in the '524 Registration, he is decidedly not the owner of that Registration. The Registration Certificate clearly identifies Design Gaps, Inc. as the purported copyright owner. *See* ECF Dkt. 14-7. Indeed,

David Glover freely admits that he has assigned any copyrightable interest he may have had in the Asserted Work to Plaintiff Design Gaps, Inc. *See*, ECF Dkt 14, ¶26.

It is beyond peradventure that "[o]nly the 'legal or beneficial owner of an exclusive right under a copyright' has standing bring suit for infringement of that right" Kevin Chelko Photography, Inc., 2017 WL 240087 at *1 (W.D.N.C. Jan. 19, 2017) (*citing* 17 U.S.C. §501(b); McFee, 2022 WL 2182171 at *3). David Glover is neither the legal nor the beneficial owner of the '524 Registration and therefore he cannot maintain any cause of action based on an alleged infringement of the work embodied therein. Id. The fact that Glover may have ownership in Design Gaps, Inc., which is listed as the owner of the '524 Registration, does not convey standing on him personally. Id. at Note 1 (*citing* Wallert v. Atlan, 141 F. Supp. 3d 258, 266-67 (S.D.N.Y. 2015) (rejecting claim that owner of company had standing to sue for infringement of copyrights owned by the company, noting that a "basic tenant of American corporate law is that the corporation and its shareholders are distinct entities.")).

Accordingly, Plaintiff David Glover lacks standing to maintain a copyright infringement claim against any of the Named Defendants in this action and those claims must be dismissed.

2. Design Gaps, Inc. Cannot Maintain an Architectural Works Infringement Claim

Likewise, Design Gaps, Inc. cannot maintain an Architectural Works infringement claim against any Defendants because it does not own a valid copyright for an Architectural Work. To prevail on a claim of copyright infringement, "a plaintiff must prove both ownership of a valid copyright and that the defendant copied original or protectable aspects of the copyrighted work." Bldg. Graphics, Inc. v. Lennar Corp., 866 F. Supp. 2d 530, 537 (W.D.N.C. 2011), aff'd, 708 F.3d 573 (4th Cir. 2013) (*citing*, Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 348, 361, 111

S.Ct. 1282, 113 L.Ed.2d 358 (1991)). Design Gaps, Inc. cannot satisfy the first prong of this test. Design Gaps, Inc. does not have a valid copyright in an Architectural Work because the work created by Design Gaps, Inc. is a design for cabinetry concept – it is not "the design of a building".

The United States Supreme Court has made it clear that possession of a Certificate of Registration issued by the Copyright Office is a condition precedent to instituting an infringement action in Federal Court. Reed Elsevier, Inc., 559 U.S. at 166 ("Section 411(a) imposes a precondition to filing a claim."). Here, Design Gaps, Inc. has asserted ownership of the '524 Registration, which purports to be a registration for an Architectural Work. It is not.

As a general proposition, a certificate of registration issued by the United States Copyright Office within five years of publication constitutes *prima facie* evidence of copyright validity. But *prima facie* evidence is just that, *prima facie*. Nothing more. It is not to be conflated with conclusive evidence of validity. It can be rebutted. Indeed, both this Court and the United States Court of Appeals for the Fourth Circuit have specifically noted "the Copyright Office's practice of summarily issuing registrations counsels against placing too much weight on registrations as proof of a valid copyright" Bldg. Graphics, Inc., 866 F.Supp. 2d at 537 (*citing* Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc., 618 F.3d 417, 428 (4th Cir.2010). Even with the presumption, the Plaintiff bears the burden of demonstrating validity. Id. (*citing* Fed.R.Evid. 301; Keeler Brass Co. v. Continental Brass Co., 862 F.2d 1063, 1065–66 (4th Cir.1988)). This Court has held that to satisfy the burden of persuasion and establish ownership "the plaintiff must prove originality, copyrightability, and compliance with applicable statutory formalities." Bldg. Graphics, Inc., 866 F.Supp. 2d at 537.

Copyright and Architecture – Two Types of Protection

The Copyright Act allows for the protection of works involving architecture under two different provisions of Title 17. The first permits the registration of technical drawings, including architectural plans, as "pictorial, graphic and sculptural works." 17 USC §102(a)(5). The second permits the registration of technical drawings, including architectural plans, as "architectural works." 17 USC §102(a)(8). The distinction between the two is not mere nomenclature. These are two different provisions of the Act that protect two very different things. The relevant caselaw unequivocally holds that one may not serve as a substitute for the other.

PGS Works

Section 102(a)(5) of the Copyright Act protects the copyright embodied in "Pictorial, Graphic and Sculptural works" (hereinafter, a "PGS Work(s)"). PGS Works "include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans." 17 U.S.C. §101. Here, neither Plaintiff asserts ownership of a copyright registration for a PGS Work.

Architectural Works

Section 102(a)(8) of the Copyright Act, which Congress added in 1990 when it passed the Architectural Works Copyright Protection Act ("AWCPA"), protects copyright embodied in "Architectural Works". An Architectural Work is defined as "**the design of a building** as embodied in any tangible medium of expression, including a building, architectural plans, or drawings," Bldg. Graphics, Inc., 866 F.Supp. 2d at 537; 17 U.S.C. § 101 (emphasis added). According to the regulations, "the term building means humanly habitable structures that are

intended to be both permanent and stationary, such as houses and office buildings, and other permanent and stationary structures designed for human occupancy, including but not limited to churches, museums, gazebos, and garden pavilions." 37 C.F.R. § 202.11. Moreover, "structures other than buildings" are specifically excluded from protection. 37 C.F.R. § 202.11(d)(1). Accordingly, for a work to be protectable as an Architectural Work under the AWCPA, it must be for the design of a building, *i.e.*, a humanly habitable structure. Id.

Plaintiff Design Gaps, Inc. did not create "the design of a building" for the DiPiante family. Rather, Plaintiff Design Gaps, Inc. was given "the design of a building" and offered the opportunity to submit a proposal for a concept plan for a cabinet layout. The Architectural firm of Smith & Slovik unquestionably created the "design of a building" for the DiPiante Residence. Plaintiff Design Gaps, Inc. used the design of a building created by Smith & Slovik to prepare a proposal for a concept plan for a cabinet layout. A concept plan for a cabinet layout is not "the design of a building." A concept plan for a cabinet layout is not a "humanly habitable structure." As a result, a concept plan for a cabinet layout cannot be an Architectural Work protected under the AWCPA.

Even where a work does comprise the design of a humanly habitable structure, copyright protection does not extend to all aspects of the work. "The mere fact that a work is copyrighted does not mean that every element of the work may be protected." Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 111 S.Ct. 1282, 1287, 113 L.Ed.2d 358 (1991). It is well-settled that "Standard features. Standard configurations of spaces, and individual standard features, such as windows, doors, and other staple building components." are specifically excluded from protection. 37 C.F.R. § 202.11(d)(2). This Court has recognized that the copyright in an Architectural Work "includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." Sedgewick

Homes, LLC v. Stillwater Homes, Inc., 2017 WL 3221488, at *4 (W.D.N.C. July 28, 2017); 17 U.S.C. § 101 (emphasis added). While the AWCPA does not specifically define "standard features", courts have understood the term to encompass "purely functional requirements" common to home designs as a result of considerations such as the utilitarian purpose a specific feature serves, market demands, building codes, zoning requirements, functional demands, and available technology." Id. (*citing* Bldg. Graphics, Inc. v. Lennar Corp., 866 F. Supp. 2d 530, 537-38 (W.D.N.C. 2011) (Voorhees, J.); Dream Custom Homes, Inc. v. Modern Day Const., Inc., 773 F. Supp. 2d 1288, 1300 (M.D. Fla. 2011); Harvester, Inc. v. Rule Joy Trammell + Rubio, LLC, 716 F. Supp. 2d 428, 440-41 (E.D. Va. 2010). This Court has noted that standard features include items such as "common windows, doors, and other staple building components." Bldg. Graphics, Inc., 866 F. Supp. 2d at 537 (quoting H.R.Rep. No. 101–735 (1990), 1990 U.S.C.C.A.N. 6935, 6949).

As a practical matter, there are "ideas that are sufficiently common to architectural works so as to preclude copyright protection" which include: "the use of an open floor plan, a split master/other bedroom(s) floor plan that places the master suite on the opposite side of the house from the other bedroom(s), inclusion of a flex space room, placing the laundry room in close proximity to the master suite, and creating a direct passageway from the garage to the kitchen." Sedgewick Homes, LLC, 2017 WL 3221488, at *4. This Court has also noted "given the limited number of ways that an architect can design a home of a specific size and style in light of consumer preferences, consumer budgetary limitations, and functional requirements, the merger doctrine limits the protection granted to the expression of ideas where there is only one or so few ways of expressing an idea that protection of the expression would effectively accord protection to the idea itself." Id. (internal quotations omitted). In any event, "scènes à faire—generally defined as

incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic—are a type of standard feature left unprotected by copyright." Bldg. Graphics, Inc. 866 F. Supp. 2d 537 (internal citations omitted).

Plaintiff Design Gaps, Inc. is in the business of creating renderings for cabinetry configuration. Cabinetry is very clearly a standard feature in a home. Every home has cabinets. Cabinets are standard features that go in standard rooms: kitchens, mudrooms, sculleries, laundry rooms, closets. Here, the actual design of the DiPiante Residence was created by the Architectural firm Smith & Slovik. The overall design of the home, the footprint of the home itself, the number of rooms, the configuration of the rooms, the dimensions of the space, even the location of the cabinetry – all were predetermined by the house plans for the DiPiante Residence created by Smith & Slovik. The assertion that Plaintiff Design Gaps, Inc. created the Architectural Work embodied in the DiPiante Residence, simply because it prepared renderings for a cabinetry concept for an already created house plan, strains credulity.

## Registration of the Work Matters

When a claim of copyright is registered with the United States Copyright Office, the claimant must deposit a copy of the work being registered (Deposit Copy). While technical drawings constitute appropriate Deposit Copy for both PGS Works and Architectural Works, the copyright embodied in a PGS Work is not the same as the copyright embodied in an Architectural Work. These works are governed by different provisions of the Act and must be registered separately.

The United States District Court for the Southern District of Mississippi very recently addressed this very issue. "Regulations promulgated under the AWCPA provide that "[w]here dual

copyright claims exist in technical drawings and the architectural work depicted in the drawings, any claims with respect to the technical drawings and architectural work must be registered separately." A Boheme Design, L.L.C. v. Bruce Kelly Props. Ltd. Liab. Co., 2026 WL 220913, at *6 (S.D. Miss. Jan. 28, 2026) (*quoting*, 37 C.F.R. § 202.11(c)(4)). The Court in A Boheme Design specifically found that Section 926.1 of the Compendium of U.S. Copyright Practices "makes clear that registration of an "architectural work" as only an "architectural work" does not include the "plans, or drawings" but only the building itself." Id. The Compendium provides:

> Architectural Works Distinguished from Technical Drawings
>
> An architectural work and a technical drawing of an architectural work are separate works. H.R. Rep. No. 101-735, at 19 (1990) ("An individual creating an architectural work by depicting that work in plans or drawing[s] will have two separate copyrights, one in the architectural work ... the other in the plans or drawings.").
>
> If the applicant intends to assert a claim in a technical drawing and the architectural work depicted therein, the applicant should file an application to register the architectural work and a separate application to register the technical drawing as a pictorial work, even though the deposit copy(ies) for both applications may be the same. 37 C.F.R. § 202.11(c)(4). ("Where dual copyright claims exist in technical drawings and the architectural work depicted in the drawings, any claims with respect to the technical drawings and the architectural work must be registered separately.").
>
> A registration for a technical drawing covers the drawing itself, but it does not cover the architectural work depicted therein.

Id. (*quoting* U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 926.1 (3d ed. 2021). *See also*, Nat'l Med. Care, Inc. v. Espiritu, 284 F. Supp. 2d 424, 434 (S.D.W. Va. 2003) 434 ("A work can obtain protection as both an architectural work and a technical drawing only if the work is registered under both categories.") (*citing* 37 C.F.R. § 202.11(c)(4)). Here, the manner in which Plaintiff Design Gaps, Inc. registered its claim of copyright in a purported Architectural Work, not a PGS Works.

Failure to Comply with Copyright Registration Formalities

Plaintiff Design Gaps, Inc. has failed to comply with Copyright registration formalities. First, Plaintiff Design Gaps, Inc. registered its claim of copyright in a cabinetry configuration as an "Architectural Work" – which, as noted above, it clearly is not. Second, Plaintiff Design Gaps, Inc. failed to inform the Copyright Office that the cabinet configuration it was attempting to register was actually a "derivative work" created using the Smith & Slovik house plans for the DiPiante Residence.

The Copyright Act defines a "derivative work" as "…a work based upon one or more preexisting works…." 17 USC § 101. "A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a 'derivative work'." Id.

Section 409 of the Copyright Act specifically requires a copyright claimant to inform the Copyright Office if the work sought to be registered is a derivative or compilation: "The application for copyright registration… shall include… in the case of a compilation or derivative work, an identification of any preexisting work or works that it is based on or incorporates, and a brief, general statement of the additional material covered by the copyright claim being registered." 17 USC §409. This is important because the copyright in a derivative work "extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work," 17 USC § 103(b). Here, Plaintiff Design Gaps, Inc. did not inform the Copyright Office of the derivative nature of the work it sought to register, nor did it identify the existence of the house plans for the DiPiante Residence created by Smith & Slovik. The fact that

Plaintiff Design Gaps, Inc. failed to inform the Copyright Office of the derivative nature of the work is evident from the Registration Certificate attached to the Amended Complaint as Exhibit G – the Registration Certificate contains no limitation claim and does not identify any underlying work. [ECF Dkt. 14-7].

## CONCLUSION

Plaintiff David Glover is, by his own admission, not the owner of any copyright at issue in this litigation. Accordingly, he does not have standing to maintain a claim of copyright infringement against any Defendant. Plaintiff Design Gaps, Inc. purports to be the owner of a United States Copyright Registration for an "Architectural Work." However, the work created by Plaintiff Design Gaps, Inc. does not meet the requirements for an "Architectural Work". An "Architectural Work" is "the design of a building" which is a humanly habitable structure. Plaintiff Design Gaps, Inc. did not create the "design of a building." Rather, it created a rendering for a cabinetry concept. Renderings for cabinetry concepts are not humanly habitable structures. Accordingly, Plaintiff Design Gaps, Inc. does not have a valid copyright in an Architectural Work and cannot maintain an infringement action under the AWCPA.

Neither Plaintiff can maintain a cause of action for copyright infringement under the AWCPA. Accordingly, those claims must be dismissed from the Amended Complaint. The Copyright claims were the only Federal Question claims advanced in the Amended Complaint. Once those claims are dismissed, the basis for supplemental jurisdiction over the State law claims evaporates and those claims should be dismissed as well.

**[END]**

Respectfully Submitted,

This the 28th day of April, 2026

**STOBBS**

______________________

Matthew J. Ladenheim
N.C. Bar No. 29309

STOBBS
214 W. Tremont Ave, Suite 303
Charlotte, NC 28203
Telephone: (704) 702-6007
Matthew.Ladenheim@iamstobbs.com
*Counsel for Defendants*
*Hardwood Creations, Inc.*
*and David Anthes*

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Emmett J. Whelan*

Emmett J. Whelan (N.C. Bar No. 58139)
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4913
Facsimile: (704) 338-7819
Email: Emmett.Whelan@wbd-us.com
*Counsel for Defendants*
*David Olivieri, DD Luxe Design, LLC,*
*Doriana Durazzo, Anthony J. De Piante,*
*Lesly K. De Piante, Andrew Lineberger Builders,*
*and Andrew Lineberger*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document: DEFENDANTS JOINT MOTION TO DISMISS was served on counsel for Plaintiffs via electronic mail addressed as follows:

Todd M. Hess
toddhess@biziplaw.com

And was also duly served on counsel for the other Named Defendants by electronic mail addressed as follows:

Andrew Walden
Andrew.Walden@wbd-us.com

Emmet Whelan
emmett.whelan@wbd-us.com

Respectfully Submitted,

This the 28th day of April, 2026

**STOBBS**

______________________
Matthew J. Ladenheim
N.C. Bar No. 29309

STOBBS
214 W. Tremont Ave, Suite 303
Charlotte, NC 28203
Telephone: (704) 702-6007
Matthew.Ladenheim@iamstobbs.com
*Counsel for Defendants*
*Hardwood Creations, Inc.*
*and David Anthes*

## AI CERTIFICATE

Pursuant to the Standing Order of this Court, I hereby state:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line research sources Westlaw, Lexis, FastCase and Bloomberg;

2. Every Statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority is provided.

Respectfully Submitted,

This the 28th day of April, 2026.

**STOBBS**

s/ Matthew J. Ladenheim
N.C. Bar No. 29309
STOBBS
214 W. Tremont Ave, Suite 303
Charlotte, NC 28203
T: (704) 702-6007
E: Matthew.Ladenheim@iamstobbs.com

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Emmett J. Whelan*

Emmett J. Whelan (N.C. Bar No. 58139)
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4913
Facsimile: (704) 338-7819
Email: Emmett.Whelan@wbd-us.com
*Counsel for Defendants*
*David Olivieri, DD Luxe Design, LLC,*
*Doriana Durazzo, Anthony J. De Piante,*
*Lesly K. De Piante, Andrew Lineberger Builders,*
*and Andrew Lineberger*