# EXHIBIT 1
# DECLARATION OF MOODYE CLARY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| DESIGN GAPS, INC., and<br>DAVID GLOVER, Individually and Owner<br>of Design Gaps, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>DAVIDE OLIVIERI, Individually and Agent<br>of DD Luxe Design, LLC,<br>DORIANA DURAZZO, Individually and Agent<br>of DD Luxe Design, LLC,<br>DD LUXE DESIGN, LLC,<br>ANTHONY J. DE PIANTE,<br>LESLY K. DE PIANTE,<br>ANDREW LINEBERGER BUILDERS,<br>ANDREW LINEBERGER, Individually and<br>Owner of Andrew Lineburger Builders,<br>HARDWOOD CREATIONS, INC., and<br>DAVID ANTHES, Individually and President<br>of Hardwood Creations, Inc.<br><br>Defendants | Civil Action No. 3:25-cv-604<br><br>**DECLARATION OF MOODYE CLARY** |

I, Moodye Clary, declare under penalty of perjury:

1. I am over eighteen years of age, and I am competent to make this Declaration.

2. I have personal knowledge of the facts stated within this Declaration, and the facts, as stated, are true.

3. I am the Chief Architect and founder of Clary Architecture, PLLC, an architectural firm based in Charlotte, North Carolina.

4. I have substantial experience in designing and developing architectural plans for industrial, office, retail, institutional, religious, and residential places including site selection,

planning, analysis, specifications, and structural design of buildings and spaces; exterior and interior materials and finishings specification and coordination; and construction contract administration for the same.

5. I hold a degree in architecture from the School of Architecture at Clemson University. I am a licensed architect in the States of North Carolina and South Carolina.

6. I have been asked to provide expert testimony on behalf of Design Gaps, Inc. and David Glover in the above-captioned litigation regarding U.S. Copyright Office Registration No. VA 2-437-524, and I have been asked to render an opinion on the infringement of Plaintiffs' Architectural Works.

7. In preparing the analysis included in this Declaration, I reviewed the following:

a. The asserted copyrighted works otherwise referred to herein as Plaintiffs' Architectural Works;

b. The history of development and the registration particulars associated with Plaintiffs' Architectural Works;

c. Plaintiffs' disclosure of their asserted claims and copyright infringement contentions;

d. Defendants' noninfringement, copyright invalidity, and copyright unenforceability contentions;

e. The deposition testimony of Defendant Davide Olivieri;

f. Accused infringing drawings and plans provided by Defendants over the course of production that have been identified in Plaintiffs' Expert Report served on counsel for Defendants on March 31, 2026;

g. Relevant documents provided by Plaintiffs related to the development of

Plaintiffs' Architectural Works that have been identified in Plaintiffs' Expert Report served on counsel for Defendants on March 31, 2026; and

h. Relevant documents produced by Defendants in discovery related to the development of the infringing drawings and plans that have been identified in Plaintiffs' Expert Report served on counsel for Defendants on March 31, 2026.

8. I am not a legal expert, and I have not been asked to render a legal opinion. Counsel has provided and explained to me the statements of law that I have relied upon in formulating the opinions provided in this Declaration that are based upon my architectural training and experience.

9. Based upon my understanding of the statutory requirements of the Architectural Works Copyright Protection Act ("AWCPA") provided by counsel, cabinetry is considered an arrangement and composition of spaces and elements in the design of a house or building and constitutes interior architecture for the same that is subject to protection as an architectural work.

10. Upon reviewing the images, drawings, or diagrams that are subject to copyright protection under U.S. Copyright Office Registration No. VA 2-437-524, I have determined that the artistic or aesthetic features that follow are physically or conceptually separable from the utilitarian dimension of the works and are individually and when used collectively together are subject to copyright protection as an architectural work:

a. Thickened arched walls separating the desk and scullery area from the kitchen create a visual columnar effect on the hood/range wall of the kitchen;

b. The design of the walls contributes to the apparent weight and balance given the substantial metal doors of the design;

c. Sheetrock ceiling beams create a termination point for the ceiling treatments for the two flanking barrel-vaulted ceilings accentuating the range and hood to

create a visual affect that ties the planned structures into the thickened sheetrock columns giving meaning to their existence;

d. Faux thicken sheetrock columns, while not structurally necessary, were added to delineate and well define the refrigeration/pantry wall of the cabinetry from the adjacent bar/serving area while appearing to carry the ceiling beams thus placing a visual emphasis on the adjacent custom cabinetry;

e. The columns create visually appealing termination points for the ceiling treatments and the two flanking barrel-vaulted ceilings that accentuate the range and hood of the kitchen;

f. The radius topped decorative metal frame glass doors capitalize on the appearance of the barrel vault design flanking the range wall;

g. The use of the minimalistic flush door styles of the cabinetry necessitated the other non-functional additional elements such as the thickened end panels and architectural reveals as design elements adding to the visual balance and proportion of design;

h. The walls have been sized and proximately positioned to allow them to open to the scullery and home desk area to avoid their protrusion into the walkway of those spaces creating a more visually appealing entranceway;

i. Thick floating shelving was utilized in the home desk area of the mudroom adjacent to the scullery in lieu of expected closed door wall cabinets that provide less visual appeal with the use of bulky wall units. The desk area itself was designed to properly align with the decorative metal door in lieu of the off-

centered layout originally included in the plans. This creates the feeling good "all is well" with the design universe of alignment;

j. The same may be said of the centering of the added wall oven unit in the scullery perfectly aligning with the opposing decorative metal doorway; and

k. The dining server/bar contains unexpected floating base units with sink and bottle storage integrated between two tall cabinets adding to the uniqueness of the bar design.

11. I do not consider the aesthetic copyrightable elements identified above to be a part of or a recasting, transforming, or adapting of the floor plans for the De Piante Residence, and they cannot be considered derivative works of such floor plans particularly since the floor plans appear to not be subject to copyright protection since they only include individual standard features (*e.g.*, common windows, doors, and other staple building components) without having any aesthetically pleasing qualities.

12. When the elements identified above are included in the cabinetry design for the house, which is an interior architectural arrangement, the combination represents an architectural work that is subject to copyright protection.

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1621, declares that all statements made of his knowledge are true and that all statements made on information are believed to be true.

This the 12th day of May, 2026. Signed: s/Moodye Clary

Moodye Clary

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2026, the foregoing DECLARATION OF MOODYE CLARY was electronically filed as an Exhibit included with PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record who have consented to accept service by electronic means.

By: s/Todd M. Hess

Todd M. Hess (Federal ID No. 12925)
Hess Law, PLLC
308 Givens Street
Waxhaw, NC 28173
Telephone: (980) 213-6929
Fax: (980) 300-0089
toddhess@biziplaw.com
*Attorney for Plaintiffs*