# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |
|---|---|
| **DESIGN GAPS, INC., and**<br>**DAVID GLOVER, Individually and Owner**<br>**of Design Gaps, Inc.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DAVIDE OLIVIERI, Individually and Agent**<br>**of DD Luxe Design, LLC,**<br>**DORIANA OLIVIERI, Individually and Agent**<br>**of DD Luxe Design, LLC,**<br>**DD LUXE DESIGN, LLC,**<br>**ANTHONY J. DE PIANTE,**<br>**LESLY K. DE PIANTE,**<br>**ANDREW LINEBERGER BUILDERS,**<br>**ANDREW LINEBERGER, Individually and**<br>**Owner of Andrew Lineberger Builders,**<br>**HARDWOOD CREATIONS, INC., and**<br>**DAVID ANTHES, Individually and President**<br>**of Hardwood Creations, Inc.,**<br><br>**Defendants.** | **Civil Action No. 3:25-cv-604** |

## REPLY IN SUPPORT OF DEFENDANTS'
## JOINT MOTION TO DISMISS

There is nothing complicated about the Motion pending before the Court. To maintain a

cause of action for copyright infringement under the Architectural Works Copyright Protection Act

("hereinafter, "the AWCPA") a plaintiff **must** possess a valid copyright registration for an

Architectural Work. Neither Plaintiff possesses such a registration. Plaintiff Glover readily admits

he assigned any interest he had in the Asserted Work to Plaintiff Design Gaps prior to the filing of

the Complaint. Therefore, he has no infringement claim to advance. Further, the Asserted Work is not the "design of a building" which the law defines as "humanly habitable structures… such as a house or office building." 37 C.F.R. § 202.11(b)(1). Here, the Asserted Work is a rendering for cabinetry configuration. The record is entirely devoid of anything that even remotely suggests, intimates or implies either Plaintiff actually created "the design of a building." Neither Plaintiff has, nor could they have, a valid registration for an Architectural Work. Accordingly, the infringement claims advanced under the AWCPA must be dismissed.

**Independent Design Elements Cannot be Registered as "Architectural Works" Independently from the Design of a Building as a Whole**

Only "buildings" qualify for registration under the AWCPA. The applicable regulations specifically exclude registration of anything else: "Works excluded. The following structures, features, or works cannot be registered: (1) Structures other than buildings." 37 C.F.R. § 202.11(d)(1).

In the context of copyright law in general, and the AWCPA in particular, there is no such thing as "infringing cabinetry." The AWCPA extends copyright protection to the "design of a building" which is defined as "humanly habitable structures that are intended to be both permanent and stationary." 17 USC §101, 37 C.F.R. §202.11. An Architectural Work, *i.e.*, the design of a building, "includes the overall form as well as the arrangement and composition of spaces and elements in the design but does not include individual standard features." 17 USC §101. Plaintiffs contend that a rendering for cabinetry configuration is an element of the design of a building and is therefore separately registrable. Not so. The AWCPA does not provide a basis for registering an "architectural work" in individual constituent elements independently of the design of the building as a whole.

Plaintiffs cite <u>Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.</u>, 790 F.3d 532 for the proposition that individual design elements such as cabinetry are, independent of the design of the building as a whole, subject to protection and registration as Architectural Works. ECF Dkt. 21 at 10. <u>Humphreys</u> says no such thing. Indeed, quite the opposite.

To begin with, the Plaintiff in <u>Humphreys</u> never asserted that it had a copyrightable architectural works interest in individual constituent design elements independent from the design of a building a whole. Rather, the Plaintiff in <u>Humphreys</u> asserted an architectural works registration in its design for a building as a whole, specifically, a 27-story condominium building with 11 units per floor. <u>Humphreys</u>, 790 F.3d at 535. It is odd that Design Gaps would cite <u>Humphreys</u> for the proposition that individual constituent elements of an overall design are independently registerable as architectural works when the Plaintiff in Humphreys never advanced such an argument. Moreover, both the District Court and the Court of Appeals in <u>Humphreys</u> found that the 9 categories of design elements Plaintiff relied on "do not warrant protection under the AWCPA." <u>Humphreys</u>, 790 F.3d at 542. The district court went even further and determined the arrangement and composition of these non-protectable elements couldn't save the Plaintiffs claims from summary adjudication. <u>Id.</u> <u>Humphreys</u> is inapposite and Plaintiffs' reliance on it is misplaced.

It is likewise curious that Plaintiffs would direct the Court's attention to <u>Gaylord v. United States</u>, 595 F.3d 1364 (Fed. Cir. 2010). This case supports Defendants' position, not Plaintiffs'. The germane copyright issue in <u>Gaylord</u> centered on whether an artist's creation of the Korean War Memorial constituted an Architectural Work under the AWCPA. The well-known Korean War Memorial sits on the National Mall and consists of 19 stainless steel statues representing a platoon of foot soldiers in formation:



Gaylord v. United States, 595 F.3d 1364, 1370 (Fed. Cir. 2010). The artist who created the work

sued the Government for creating an unauthorized derivative – a stamp depicting the memorial:



Id. at 1371. The Government defended on a number of different theories including joint ownership

and fair use. Id. The government also argued that the stamp fell under the exclusion from liability

for copyright infringement for architectural works under the AWCPA. Id. The Court of Federal

Claims rejected the Government's argument that the memorial was an architectural work precisely because the Column of statutes is clearly not a "building" under the Act:

> Defendant's attempt to extend the AWCPA to "The Column," however, is unavailing. "The Column" is not a "building" and thus does not fall under the exemption to copyright infringement afforded architectural works. Beyond not being a building in the ordinary meaning of the word, "The Column" does not fit the Copyright Office's definition of the term. The structures used in the definition of "building" by the Copyright Office are intended to house individuals; either for the sake of providing shelter or for another purpose such as religious services.

Gaylord v. United States, 85 Fed. Cl. 59, 71–72 (2008), *aff'd* in part, *rev'd* in part and remanded, 595 F.3d 1364 (Fed. Cir. 2010).

On appeal, the Federal Circuit affirmed the lower court's ruling on this issue. Specifically, the Federal Circuit Court of Appeals found that "The Column" was not an architectural work because it was not a "building." It wasn't a "building" because it was not a "humanly habitable structure." The Court found that The Column was not an Architectural Work and because the law specifically excludes "structures other than buildings from registration. Gaylord v. United States, 595 F.3d 1364, 1381 (Fed. Cir. 2010) (*citing* 17 USC 101, 37 C.F.R. § 202.11(b)(1) and 37 C.F.R. § 202.11(d)(1). Critical to the decisions of both the Court of Federal Claims and the Federal Circuit Court of Appeals was the fact that "The Column" is not intended for human occupancy. Id. The same consideration is dispositive here. A column of stainless steel statues is not a building intended for human occupancy – and neither is a rendering for cabinetry configuration. Gaylord does not support Plaintiffs' argument that the Asserted Work is entitled to protection under the AWCPA.

To the extent Plaintiff argues that the Asserted Work is entitled to protection under the AWCPA because it is *part of* a building, its argument still fails. First, the law clearly states that only buildings are entitled to protection and structures other than buildings are not. 17 USC 101, 37 C.F.R. § 202.11(b)(1) and 37 C.F.R. § 202.11(d)(1). Here, Architects Smith & Slovik created

the design of the building, *i.e.*, the Di Piante Residence. Plaintiffs did not design a building. Plaintiffs created a rendering for a cabinetry configuration for the Di Piante family to consider for use in the building. Second, the 'element of a building' theory asserted by Plaintiffs has already been tested and rejected.

This Court has previously cited <u>Yankee Candle Co. v. New England Candle Co.</u>, 14 F. Supp. 2d 154, 160 (D. Mass.), <u>vacated under settlement sub nom</u>. <u>Yankee Candle Co. v. New England Candle Co.</u>, 29 F. Supp. 2d 44 (D. Mass. 1998) with approval. *See*, <u>Bldg. Graphics, Inc. v. Lennar Corp.</u>, 866 F. Supp. 2d 530, 538 (W.D.N.C. 2011), aff'd, 708 F.3d 573 (4th Cir. 2013). The Yankee Candle Company is a purveyor of candles and related products. In the mid 1990s Yankee rapidly expanded its retail location into traditional shopping malls. In connection with its expansion, Yankee designed "an archetypal colonial candle shop whose look Yankee could replicate" in shopping malls. <u>Yankee Candle Co</u>, 14 F. Supp. 2d at 155, vacated pursuant to settlement sub nom. <u>Yankee Candle Co. v. New England Candle Co.</u>, 29 F. Supp. 2d 44 (D. Mass. 1998). Yankee registered the floorplan for one of its shopping mall locations as an Architectural Work under the AWCPA and brought suit against a shopping mall competitor, New England Candle, for copyright infringement. <u>Id.</u> New England Candle defended on several grounds including that Yankee's design for a shop inside a shopping mall was not a "building" and therefore did not qualify for protection under the AWCPA.

The District Court began its analysis by noting: "The Court cannot find, nor can plaintiff cite, a case where copyright law protected a structure-within-a-structure similar to the candle store within a mall in this case." <u>Id</u>. at 158-159. The Court went on to express extreme skepticism with respect to Yankee's assertion of Architectural Work protection:

> The Court has difficulty concluding that constructing an empty room in a large shopping mall into a candle shop with a colonial motif transforms that room into a

"building" within the meaning of the Copyright Act. The entire mall itself, with its interior walled off and divided into separate spaces for stores, easily qualifies as a building, but an individual store does not. Yankee did not design or construct the walls and ceiling in its store; it built within an existing structure.

Yankee Candle Co., 14 F. Supp. 2d at 159 (D. Mass.), vacated pursuant to settlement sub nom. Yankee Candle Co. v. New England Candle Co., 29 F. Supp. 2d 44 (D. Mass. 1998). The Court specifically considered the fact that the applicable regulations define a "building" as a humanly habitable structures and that "structures other than buildings" are excluded from protection under the AWCPA. Id. *Citing* 37 C.F.R. §202.11(b)(1) and 37 C.F.R. §202.11(d)(1). The Court ultimately concluded that Architectural Works protection "extends to free standing structures… not individual units comprising a larger structure." Id. at 160. Accordingly, the Court found that Yankee did not possess a valid copyright for an Architectural Work. Id.

The same is true here. Neither Plaintiff created the design of a building. Architects Smith & Slovik created the building embodied in the De Piante Residence. Plaintiffs created a rendering for cabinetry configuration. A rendering for cabinetry configuration is not a "building" because it is not a "humanly habitable structure." And structures other than "buildings" are specifically excluded from protection under the AWCPA.

The undersigned is not aware of, and Plaintiffs do not direct the Court's attention to, any case in the Western District of North Carolina, the United States Court of Appeals for the Fourth Circuit, or in any other United States District Court or Circuit Court of Appeals anywhere in the country that holds that individual constituent elements of a building are registerable under the Architectural Works Copyright Protection Act independently of the design of a building.

**Plaintiffs' Expert Witness Offers Nothing Probative**

Plaintiffs dedicate a significant portion of their brief to discussing the substantial similarity opinions of their purported expert, Moody Clary. Substantial similarity has nothing to do with the Motion currently before the Court and Mr. Clary's ruminations on that subject are irrelevant.

The issue before the Court is whether either Plaintiff possesses a valid copyright registration for an Architectural Work. Nowhere in his declaration, or in his Expert Witness Report, both of which technically fall outside the scope of proper consideration on a 12(b) Motion, does Mr. Clary opine that Plaintiffs have created a design of a building, *e.g.*, a humanly habitable structure. Indeed, Mr. Clary readily concedes that the work in question is "the cabinetry design for the house" – not the house itself. ECF Dkt 21-1 ¶12. Still, Mr. Clary, who has no legal training and who has never offered an expert witness opinion in any copyright infringement case, ever, opines that the rendering for a cabinetry configuration at issue here constitutes an Architectural Work because counsel for Plaintiff told him it did. Specifically, enumerated paragraph 9 of Mr. Clary's declaration states:

> Based upon my understanding of the statutory requirements of the Architectural Works Copyright Protection Act ("AWCPA") provided by counsel, cabinetry is considered an arrangement and composition of spaces and elements in the design of a house or building and constitutes interior architecture for the same that is subject to protection as an architectural work.

ECF Dkt 21-1 ¶12.

As explained above, this is a completely inaccurate statement of law. The AWCPA protects "buildings" which are "humanly habitable structures". 17 USC §101, 37 C.F.R. §202.11(b)(1). Moreover, structures other than buildings are specifically excluded from protection. 37 C.F.R. §202.11(d)(1) Plaintiff's argument is essentially: "Our Expert believes cabinetry configurations

are protectable under the AWCPA, because we told him cabinetry configurations are protectable." This isn't instructive, probative or persuasive in any way.

## Conclusion

Plaintiffs did not design a building. Renderings for cabinetry configurations are not humanly habitable structures. Structures other than buildings, like cabinetry configurations, are not protectable under the AWCPA. Accordingly, the Architectural Works registration asserted in the Amended Complaint is invalid. Given that neither Plaintiff in this action holds a valid copyright registration for an Architectural Work, the copyright claims advanced in the Amended Complaint must be dismissed.

Respectfully Submitted,

This the 19th day of May, 2026

**STOBBS**

_____
Matthew J. Ladenheim
N.C. Bar No. 29309

STOBBS
214 W. Tremont Ave, Suite 303
Charlotte, NC 28203
Telephone: (704) 702-6007
Matthew.Ladenheim@iamstobbs.com
*Counsel for Defendants*
*Hardwood Creations, Inc.*
*and David Anthes*


**WOMBLE BOND DICKINSON (US) LLP**


/s/ *Emmett J. Whelan*_____

Emmett J. Whelan (N.C. Bar No. 58139)
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4913
Facsimile: (704) 338-7819
Email: Emmett.Whelan@wbd-us.com
*Counsel for Defendants*
*David Olivieri, DD Luxe* Design*, LLC,*
*Doriana Durazzo, Anthony J. De Piante,*
*Lesly K. De Piante, Andrew Lineberger Builders,*
*and Andrew Lineberger*

I hereby certify that the foregoing document: **REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS** was served on counsel for Plaintiffs via electronic mail addressed as follows:

Todd M. Hess
toddhess@biziplaw.com

And was also duly served on counsel for the other Named Defendants by electronic mail addressed as follows:

Andrew Walden
Andrew.Walden@wbd-us.com

Emmet Whelan
emmett.whelan@wbd-us.com

This the 19th day of May, 2026

Respectfully Submitted,

**STOBBS**

_____
Matthew J. Ladenheim
N.C. Bar No. 29309

STOBBS
214 W. Tremont Ave, Suite 303
Charlotte, NC 28203
Telephone: (704) 702-6007
Matthew.Ladenheim@iamstobbs.com
*Counsel for Defendants*
*Hardwood Creations, Inc.*
*and David Anthes*

# AI CERTIFICATE

Pursuant to the Standing Order of this Court, I hereby state:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line research sources Westlaw, Lexis, FastCase and Bloomberg;

2. Every Statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority is provided.

Respectfully Submitted,

This the 19th day of May, 2026.

**STOBBS**

s/ Matthew J. Ladenheim
N.C. Bar No. 29309
STOBBS
214 W. Tremont Ave, Suite 303
Charlotte, NC 28203
T: (704) 702-6007
E: Matthew.Ladenheim@iamstobbs.com