# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00604-KDB-WCM

| | |
|---|---|
| DAVID GLOVER AND<br>DESIGN GAPS, INC., | |
| **Plaintiffs,** | |
| v. | **MEMORANDUM AND ORDER** |
| DAVIDE OLIVIERI, ET AL., | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 18). The Court has carefully considered this motion and the parties' briefs and exhibits. As explained below, Plaintiffs have failed to establish the validity of the "architectural works" copyright on which their federal claims – and this Court's jurisdiction – depends. Therefore, Defendants' motion to dismiss will be **GRANTED**. Further, the Court will decline supplemental jurisdiction over Plaintiffs' state law claims, thereby closing this action.

## I.      LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

1

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). The Court may also consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

2

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff David Glover designs custom cabinetry through his company Plaintiff Design Gaps, LLC. *See* Doc. No. 14 (Amended Complaint) at ¶ 18. Defendants Anthony and Lesly De Piante own a residence in Belmont, North Carolina, (the "De Piante Residence"), which was constructed by Defendants Andrew Lineberger Builders; DD Luxe Design, LLC, an interior design company; and Hardwood Creations, Inc. *Id*. at ¶¶ 5-8, 10. Plaintiffs allege that beginning in May 2023 and continuing into September 2023, they provided DD Luxe Design with cabinetry designs, architectural plans, and quotations for the De Piante Residence, with the understanding that they would be compensated if the designs were used in the building of the house. *Id*. at ¶¶ 17-21.[1] Plaintiff Glover created these cabinet designs and plans, which were registered with the United States Copyright Office as an "architectural work" under 17 U.S.C.A. § 102(8) - publication date June 10, 2023, and registration number VA 2-437-524 (the "'524 Copyright"). *Id*. at ¶ 25. Glover assigned all rights, title and interest to the designs/plans to Plaintiff Design Gaps, which is the sole owner of the '524 Copyright. *Id*. at ¶ 26. Plaintiffs further allege that they made Defendant Olivieri, an agent for DD Luxe Design, aware of Design Gaps' ownership of the cabinetry designs. *Id*. at ¶ 27.

Plaintiffs' communications with DD Luxe Design ended in November 2023, when Plaintiffs asked for a status report and were told the project was "on hold." *Id*. at ¶ 22. Allegedly, this was untrue; rather, the De Piante Residence was in fact still being built, in part using Plaintiffs' cabinetry designs, without permission or compensation. *Id*. at ¶¶ 29-34. On August 11, 2025,

---

[1] Plaintiffs have proffered an expert report further describing the Plaintiffs' cabinet designs. *See* Doc. No. 21-1. This report is outside the scope of what the Court may consider in ruling on a Rule 12(b)(6) motion, and, in any event, does not (and could not) answer the legal question of whether Plaintiffs' cabinet designs may be copyrighted as "architectural works."

Plaintiff filed this action, alleging on information and belief that Defendants used at least some of Plaintiffs' cabinetry designs reflected in the '524 Copyright in building the De Piante Residence and other homes. *Id*. at ¶¶ 29-34. They assert five causes of action. The first three allege copyright infringement and contributory copyright infringement under 17 U.S.C. § 101 et seq. *Id*. at ¶¶ 45-76. The fourth and fifth causes of action allege violations of state law, specifically, breach of implied contract and unjust enrichment. *Id*. at ¶¶ 77-97. Plaintiffs seek compensatory, statutory and punitive damages; permanent injunctive relief; and costs and attorneys' fees. The sole ground for federal jurisdiction is 28 U.S.C. § 1331 (federal question jurisdiction), based on Plaintiffs' copyright claims.

This matter was reassigned to the undersigned on January 27, 2026, and Defendants answered the Amended Complaint on January 30, 2026. Doc. No. 15. On April 28, 2026, Defendants jointly moved to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. No. 18. In summary, Defendants contend that Plaintiffs were not entitled to register their cabinetry designs for the De Piante Residence as "architectural works," and therefore do not have a valid federal copyright, which is necessary for this Court to exercise subject matter jurisdiction over this action. The motion has now been fully briefed and is ripe for the Court's ruling.

### III.    DISCUSSION

"To establish a claim for copyright infringement, a plaintiff must prove that it owned a valid copyright and that the defendant copied the original elements of that copyright." *Lyons P'ship, L.P. v. Morris Costumes, Inc.,* 243 F.3d 789, 801 (4th Cir. 2001). Thus, the threshold question before the Court is whether Plaintiffs' designs / architectural plans for cabinetry in the De Piante Residence can be validly copyrighted as "architectural works" under 17 U.S.C. § 102

4

(8). If not, then Plaintiffs' federal copyright causes of action fail to state a claim, and the Court lacks subject matter jurisdiction, unless it maintains supplemental jurisdiction over Plaintiff's state law claims in the absence of a federal claim, which it will not do.

The law governing architectural copyright registration is well established. *See Humphreys & Partners Architects, L.P. v. Lessard Design, Inc*., 790 F.3d 532, 537 (4th Cir. 2015), *as amended* (June 24, 2015). "Copyright protection subsists ... in original works of authorship fixed in any tangible medium of expression ... from which they can be perceived, reproduced, or otherwise communicated...." 17 U.S.C. § 102(a). In 1990, Congress expanded the scope of "works of authorship" to include "architectural works," *id.* § 102(a)(8), by enacting the Architectural Works Copyright Protection Act (the "AWCPA"), Pub. L. No. 101–650, §§ 701–706, 104 Stat. 5089 (1990) (codified in various sections of 17 U.S.C.). The AWCPA defines an architectural work as "the design of a building as embodied in any tangible medium of expression." 17 U.S.C. § 101. "The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." *Id.*

As explained in *Humphreys*, the arrangement and composition of spaces and elements is protectable because "creativity in architecture frequently takes the form of a selection, coordination, or arrangement of unprotectible elements into an original, protectible whole." *Id*. (citing H.R. Rep. No. 101–735, at 18 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6935, 6949). However, this protection of the arrangement of "spaces and elements" does not undermine the AWCPA's foundational definitional requirement that an "architectural work" under 17 U.S.C. § 102(a) must be "the design of a building" rather than only one of its component parts. *See* 17 U.S.C. § 101. Consistent with that limitation, "buildings" in this context have been further defined

5

in the governing regulations as "humanly habitable structures that are intended to be both permanent and stationary." 37 C.F.R. §202.11.[2]

Applying the governing statute to the '524 Copyright, cabinetry designs are plainly not the design of a "building." While those designs might be subject to copyright protection as "pictorial, graphic, and sculptural works"[3] (but have not been registered as such here), they fail to encompass the breadth of design required for an "architectural work." If the law were otherwise, then the design of every separate component element or feature of a home could be copyrighted as an "architectural work," including, among innumerable examples, closets, fireplaces, windows, staircases, and even garage storage.[4] In other words, whatever the many virtues of the thoughtful and aesthetically pleasing design of the component elements of a home might be, none of those features, including cabinetry, are individually copyrightable as "architectural works." According

---

[2] Plaintiffs ask the Court not to "defer" to the Agency's regulations. Doc. No. 21 at 9. First, the Court finds that Plaintiffs were not entitled to register their cabinet designs as "architectural works" based on a plain reading of the statute, without regard to the regulations. However, to the extent it is necessary to do so, the Court finds that the Agency's regulation positively informs the Court's interpretation of the statute. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 387, 394 (2024) (The interpretation of the meaning of statutes, as applied to justiciable controversies, is "exclusively a judicial function," but administrative regulations may be considered as guidance); *Skidmore v. Swift & Co.*, 323 U.S. 134, 139-140 (1944) (the "interpretations and opinions" of the relevant agency, "made in pursuance of official duty" and "based upon ... specialized experience," "constitute a body of experience and informed judgment to which courts and litigants [could] properly resort for guidance").

[3] *See* 17 U.S.C. § 102(a)(5). "'Pictorial, graphic, and sculptural works'" include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, diagrams, models, and technical drawings, including architectural plans." 17 U.S.C. § 101. Therefore, to the extent that the design of cabinetry – which is a "useful article" – incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article, then the design may be copyrighted. *Id*. However, as noted, Plaintiffs did not seek or obtain copyright registration under 17 U.S.C. § 102(a)(5) and may not rely on that possibility here.

[4] It is telling that Plaintiffs have not cited to the Court any authority which holds that cabinetry or similar components of a residential home can be validly copyrighted as "architectural works." If the copyright statute could be as broadly interpreted as argued by Plaintiffs then references to such copyrights (which would be routinely sought by builders and designers) should be easily found.

6

to the plain language of the statute, that protection is afforded only to "buildings" as a whole (including the arrangement of their spaces and elements in the overall design).

Therefore, the Court concludes that the '524 Copyright, which grants copyright protection as an "architectural work" to cabinetry designs is not a valid copyright and cannot be the basis of a viable claim of copyright infringement. Accordingly, Defendants' Motion to Dismiss will be granted.

Finally, in addition to their claims under federal law, Plaintiffs assert two claims under state law. However, in the absence of a viable federal claim, the federal question jurisdiction on which this action depends is lacking and the court may decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *McCorkle-Turner v. Charlotte Mecklenburg Sch. Sys.*, No. 3:25-CV-00749-KDB-DCK, 2026 WL 1248722, at *1 (W.D.N.C. May 6, 2026). In the exercise of its discretion, the Court will decline any further consideration of Plaintiffs' state law claims, leaving the merits of those claims – on which this Court expresses no view – to be determined in state court.

7

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.  Defendants' Motion to Dismiss (Doc. No. 18) is **GRANTED;**

2.  Plaintiffs' copyright claims are **DISMISSED** and Plaintiffs' state law claims are **DISMISSED without prejudice** as outside the Court's original jurisdiction; and

3.  The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 28, 2026

Kenneth D. Bell
United States District Judge

8